F I L E D
CLERK OF COURT

2025 MAY 23 PM 3: 17

SUPERIOR COURT
OF GUAM



# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. **CF0040-24** |
| | ) | GPD REPORT NOS. 23-10384/24-00295 |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| **ALCANDER PERWITT MENO SALAS,** | ) | DECISION AND ORDER |
| aka Alcander Prewitt Meno Salas, | ) | RE. DEFENDANT'S MOTION FOR |
| DOB: 11/06/1992 | ) | CONSOLIDATION OF CRIMINAL CASES |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon upon Defendant Alcander Perwitt Meno Salas's ("Defendant" or "Defendant Salas") Motion to Motion for Consolidation of Criminal Cases (the "Motion"). Representing the Defendant is Attorney Juhyeong "Edward" Park. Representing the People of Guam ("the People") is Assistant Attorney General Christine S. Tenorio. The Court took the Motion under advisement pursuant to CR 1.1(g)(4)(B) and CVR 7.1(e)(6)(E) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM on March 4, 2025. After having received and reviewed the pleadings and the record on file apers and the file herein, the Court issues the following Decision and Order **DENYING** Defendant's Motion.

//

//

//

## RELEVANT BACKGROUND

### A.    Procedural History

As a matter of course, the Court first lays out a summary of this matter's procedural history for consideration. On January 18, 2024, a grand jury returned an Indictment against Defendant for the following offenses: Two Counts of the First Charge of Possession of a Schedule II Controlled Substance, the Second Charge of Eluding a Police Officer (As a Misdemeanor), and the Third Charge of Reckless Driving (As a Petty Misdemeanor).

On October 1, 2024, Defendant Salas, through defense counsel Attorney Philip Torres in CF0079-24, filed a Motion for Consolidation of Criminal Cases, the instant Motion. The Motion was filed in three different cases before three different judges involving the Defendant: CF0079-24 before the Honorable Vernon P. Perez, CF0010-24 before the Honorable Alberto C. Lamorena III, and CF0040-24 before this Court.[1] On October 2, 2024, Defendant Salas, through defense counsel in this instant matter, filed his Joinder Motion to Motion for Consolidation.

### B.    Defendant seeks consolidation of his three cases.

Defendant Salas seeks consolidation of his three cases before this Court. Defendant cites to 8 GCA § 65.30 as the statutory basis for his Motion. *See Deft.'s Mot.* at 1. Defendant further submits four reasons that consolidation is appropriate: (1) there is a commonality of facts due to all cases being felony theft cases and involve Guam statutes; (2) consolidation would promote judicial efficiency, since Defendant was unable to negotiate a global plea agreement – thus, consolidation would reduce the time to resolve these matters; (3) consolidation would promote

---

[1] It is worthy of note that Defendant's Motion was denied in CF0079-24 on December 27, 2024, and in CF0010-24 on November 5, 2024. *See Min. Entry, CF0079-24* (Dec. 27, 2024), *Min. Entry, CF0010-24* (Nov. 5, 2024).

fairness and a just resolution for the Defendant; and (4) consolidation would provide clarity at sentencing. *Id.* at 1-2.

The People oppose Defendant's Motion because the Defendant has failed to satisfy the statutory requirements for joinder. The People cite to 8 GCA § 65.30(a), noting that the Defendant has enumerated criteria that do not exist in the statute. *See Ppl.'s Opp.* at 2. The appropriate criterion for joinder is "if the offenses, and the defendants. . .could have been joined in a single indictment or information." *Id.* (citing to 8 GCA § 65.30(a)).

The People argue that the Defendant has failed to demonstrate how the three cases are "of the same or similar character, are based on the same act or transaction, [and] are connected together or constitute a common scheme or plan." *Id.* at 3. The Defendant has also failed to demonstrate how the three cases could be charged in the same indictment or information – CF0079-24 involved Co-Defendant Franklin Joel San Nicolas, who would be improperly joined to Defendant's other two cases. *Id.* at 3-4.

The People further argue that consolidation would raise an issue of first impression – consolidation would raise novel issues of speedy trial time limits, as CF0079-24 is an asserted matter while Defendant's other two matters are waived. *Id.* at 4. Thus, if the Court were to grant consolidation, the People ask the Court to find that the assertion clock "resets" upon consolidation when the Defendant is the moving party. *Id.*

## DISCUSSION

Guam statute provides the Court with the discretion to try two or more indictments or information, or both, "if the offenses, and the defendant if there is more than one, could have been joined in a single indictment or information." 8 GCA § 65.30(a). Further, "a defendant shall not be subject to separate trials for multiple offenses based on the same conduct or arising from the

same criminal episode, if such offenses are known to the prosecuting attorney at the time of the commencement of the first trial." 8 GCA § 65.30(b).

**A.     The Defendant has failed to demonstrate how the cases could have been joined in a single indictment or information.**

Defendant Salas asserts a vague commonality of facts. "The cases are all felony theft cases and involve violations of similar Guam statutes." *Deft. 's Mot.* at 1. Defendant does not specify how the allegations in each matter's individual Indictments are "based on the same conduct or arising from the same criminal episode." 8 GCA § 65.30(b). Based on a plain reading of Section 65.30(a)-(b), a similarity of criminal conduct or similar statutory violations between multiple cases are not the basis for consolidation – rather, the requirement is a showing that the cases involve the same conduct or episode. In addition, the Defendant does not mention how Co-Defendant San Nicolas in CF0079-24 should also be joined in a single Indictment as contemplated in Section 65.30. Thus, the Court finds that the Defendant has not sufficiently demonstrated how these matters could have been joined in a single indictment or information pursuant to Section 65.30(a)-(b).

**B.     The Court cannot involve itself with matters concerning change of plea negotiations.**

Defendant Salas asserts it has been unable to negotiate a global plea agreement, thus "a global plea agreement would be the most efficient way to handle these cases." *Deft. 's Mot.* at 2. Guam law regulates plea bargaining in criminal matters. 8 GCA § 60.80 reads as follows:

> (a) The attorney for the government and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the attorney for the government will move for dismissal of other charges, or will recommend or not oppose the imposition of a particular sentence, or will do both. *The court shall not participate in any such discussion.*

8 GCA § 60.80(a) (emphasis added). § 60.80 further provides the Court's role in the plea bargaining process:

> (b) If a plea agreement has been reached by the parties which contemplates entry of a plea of guilty or nolo contendere in the expectation that a specified sentence will be imposed or that other charges before the court will be dismissed, the court shall require the disclosure of the agreement in open court at the time the plea is offered. Thereupon the court *may accept or reject the agreement, or may defer its decision as to acceptance or rejection* until there has been an opportunity to consider the presentence report.

8 GCA § 60.80(b) (emphasis added). Most notably, the parties are required to give notice of the existence of a plea agreement at any time prior to trial. *See* 8 GCA § 60.80(e).

Here, the Court is statutorily bound to not involve itself in matters relating to the negotiation and construction of a plea agreement. Certainly, this Court has accepted global plea agreements and agreed to consolidate matters in this way – but only *after* the parties have reached an agreement and only *after* the Court has reviewed the plea agreement. Thus, the Court shall deny consolidation before any agreement has been reached by the parties and before the Court reviews any presented plea agreements.

## CONCLUSION

For the above reasons, the Defendant's Motion for Consolidation of Criminal Cases is **DENIED**. The Court shall issue an Amended Criminal Trial Scheduling Order in this matter.

**SO ORDERED** this 23rd day of May, 2025.

HONORABLE MARIA T. CENZON
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

AG, Cabot Mantanona

Date: 5/23/25 Time: 3:74 pm

Antonio C. Cruz
Deputy Clerk, Superior Court of Guam